603 S.E.2d 909

**In the Matter of William M. YATES, Jr., Respondent.**

No. 25877.

Supreme Court of South Carolina.

Submitted July 27, 2004.

Decided Oct. 11, 2004.

124

Henry B. Richardson, Jr., Disciplinary Counsel, Assistant Deputy Attorney General J. Emory Smith, Jr., and Assistant Deputy Attorney General Robert E. Bogan, all of Columbia, for Office of Disciplinary Counsel.

William R. Bauer, of Columbia, for respondent.

PER CURIAM:

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to either an admonition or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## FACTS

Respondent was the physician and family friend of M.C., an eighteen year old woman. On April 16, 1996, respondent prescribed an anti-depressant for M.C.; she took the medication throughout the time of the incident pertinent to this matter.

On May 3, 1996, respondent accompanied M.C. to dinner, a nightclub, and his home and he consumed alcoholic beverages at each location. M.C. drank a portion of a light beer at respondent's home. At his home, respondent began to kiss and fondle M.C. M.C. expressed her desire to end the episode and called friends to pick her up from respondent's home.

On May 31, 1999, the State Board of Medical Examiners issued an order publicly reprimanding respondent, fining him $10,000, and indefinitely suspending his license to practice medicine pending successful completion of an acceptable psychological and behavioral assessment program.[1] By order dated February 17, 2002, the State Board of Medical Examiners reinstated respondent's medical license in a probationary status until respondent's compliance with specified terms and conditions.

Respondent agrees to comply with the February 17, 2002 Supplemental Order of the State Board of Medical Examiners and to notify ODC of any change in the status of his license to practice medicine. ODC reserves the right to take further action as to this matter based on any change in the status of respondent's license to practice medicine.

## LAW

Respondent admits that he has committed a criminal act (simple assault) and that this misconduct violates Rule 8.4(b) of the Rules of Professional Conduct, Rule 407, SCACR. *See* Rule 8.4(b) (it is professional misconduct for a lawyer to commit a criminal act which reflects adversely upon his honesty, trustworthiness, and fitness as a lawyer in other respects). In addition, respondent admits he has violated Rule 8.4(a) of the Rules of Professional Conduct. *See* Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct). Respondent acknowledges that his misconduct constitutes grounds for discipline under Rule 7(a)(1), RLDE, Rule 413, SCACR (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct).

---

1. On April 19, 2000, respondent was placed on interim suspension. *In the Matter of Yates*, 340 S.C. 80, 531 S.E.2d 287 (2000).

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.[2]

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

**2.** In light of the final determination made in this matter, respondent's interim suspension is hereby lifted. *See* Rule 17(b), RLDE, Rule 413, SCACR.